CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| QUIRINO ORTEGA GONZALEZ, MIGUEL ORTEGA, FLORENTINO ORTIZ AMADO,  ANGEL MENDOZA-LORENO, and MAXIMILLIANO ORTEGA, | Case No.:  17 CV 6097 |
| Plaintiffs, | **COMPLAINT IN AN FLSA ACTION** |
| - against - | |
| PONGSRI THAI RESTAURANT CORP., doing business as PONGSRI THAI RESTAURANT, and JAMES TANG, PRASIT TANGCHAKKRACHAI, and KHUN PONGSRI TANGCHAKKRACHAI, individually, | ECF CASE |
| Defendants. | |

---

Plaintiffs, Quirino Ortega Gonzalez, Miguel Ortega, Florentino Ortiz Amado, Angel Mendoza-Loreno, and Maximilliano Ortega ("Plaintiffs"), by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, Pongsri Thai Restaurant Corp., or any other business entity doing business as Pongsri Thai Restaurant, located 244 West 48th Street, New York, New York 10036 (herein, "Pongsri Thai"), and James Tang, Prasit Tangchakkrachai, and Khun Pongsri Tangchakkrachai, individually (all defendants collectively referred to herein as the "Defendants"), and state as follows:

## INTRODUCTION

1.     Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid

wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and, (5) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid spread of hours premiums for each day plaintiffs worked in excess of ten (10) hours per shift; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) pre-judgment and post-judgment interest; and, (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff Quirino Ortega is an individual who was employed by Pongsri Thai Restaurant, located at 244 West 48th Street in Manhattan, continuously between April 2013 and July 21, 2017.

6.      Plaintiff Miguel Ortega is an individual who was employed by Pongsri Thai Restaurant, located at 244 West 48th Street in Manhattan, continuously between 2004 and August 6, 2017.

7.      Plaintiff Florentino Ortiz Amado is an individual who was employed by Pongsri Thai Restaurant, located at 244 West 48th Street in Manhattan, continuously between 2009 and November 2016.

8.      Plaintiff Angel Mendoza-Loreno is an individual who was employed by Pongsri Thai Restaurant, located at 244 West 48th Street in Manhattan, continuously between July 24, 2010 and November 27, 2015.

9.      Plaintiff Maximilliano Ortega is an individual who was employed by Pongsri Thai Restaurant, located at 244 West 48th Street in Manhattan, continuously between 2008 and May 2017.

10.     Defendant, Pongsri Thai Restaurant Corp., dba Pongsri Thai Restaurant, is a domestic corporation, organized and existing under the laws of the State of New York, with a principal place of business located at 244 West 48th Street, New York, New York 10036.

11.     Upon information and belief, Defendant, James Tang, is an owner, officer, director and/or managing agent of Pongsri Thai, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Pongsri Thai and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Pongsri Thai.

12.     Upon information and belief, Defendant, Prasit Tangchakkrachai, is an owner, officer, director and/or managing agent of Pongsri Thai, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Pongsri Thai and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §

203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Pongsri Thai.

13.     Upon information and belief, Defendant, Khun Pongsri Tangchakkrachai, is an owner, officer, director and/or managing agent of Pongsri Thai, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Pongsri Thai and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Pongsri Thai.

14.     At all relevant times, Pongsri Thai was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Pongsri Thai.

16.     At all relevant times, the Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

17.     Defendant, James Tang, is an individual who, upon information and belief, owns the stock of Pongsri Thai, owns Pongsri Thai, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

18.     Defendant, Prasit Tangchakkrachai, is an individual who, upon information and belief, owns the stock of Pongsri Thai, owns Pongsri Thai, and manages and makes all business

4

decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

19.     Defendant, Khun Pongsri Tangchakkrachai, is an individual who, upon information and belief, owns the stock of Pongsri Thai, owns Pongsri Thai, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

### STATEMENT OF FACTS

20.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time and pay records.

21.     Defendants did not keep track of plaintiffs' hours worked, throughout their employment.

22.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time and pay records.

23.     Defendants never provided any written notice or receipt to plaintiffs and payroll records kept by defendants are believed to be incomplete and false.

### a. Quirino Ortega Gonzalez

24.     In or about April 2013, Plaintiff, Quirino Ortega Gonzalez, was hired by the Defendants to work as a dishwasher and food preparer at Defendants' restaurant known as "Pongsri Thai", located at 244 West 48th Street, New York, New York.

25.     Plaintiff Quirino Ortega Gonzalez continued to work for the Defendants in such capacity until on or about July 21, 2017.

26.    During Quirino Ortega Gonzalez' employment by Defendants, he generally worked over forty (40) hours per week.

27.    Plaintiff Quirino Ortega Gonzalez' normal shift was 10:30 a.m. until 11:30 p.m., a shift of thirteen (13) hours, and he worked six (6) shifts per week. He worked a total of seventy-eight (78) hours each week. He was not paid proper wages. During the first three (3) weeks, Plaintiff was paid a daily salary of ninety dollars ($90.00)  Thereafter, during most of his employment, Plaintiff was paid a daily salary of one hundred dollars ($100.00). In 2017, Plaintiff was given a daily salary of one hundred ten dollars ($110.00). Plaintiff was not paid for all hours worked, and work performed above forty (40) hours per week was not paid at time and one-half the minimum wage, as required by state and federal law.

28.    At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage and overtime rate (of time and one-half) or the New York State minimum wage and overtime rate (of time and one-half) to Plaintiff for work performed over forty (40) hours in a workweek.

29.    Plaintiff Quirino Ortega Gonzalez was paid entirely in cash and not provided with a wage statement or any other documentation of his weekly hours, hourly rate, any deductions, and compensation.

30.    Defendants paid Plaintiff Quirino Ortega Gonzalez for less hours than he actually worked.

### b. Miguel Ortega

31.    In or about 2004, Plaintiff, Miguel Ortega, was hired by the Defendants to work as a dishwasher and food preparer at Defendants' restaurant known as "Pongsri Thai", located at 244 West 48th Street, New York, New York.

32.     Plaintiff Miguel Ortega continued to work for the Defendants in such capacity until on or about August 6, 2017.

33.     During Miguel Ortega's employment by Defendants, he generally worked over forty (40) hours per week.

34.     Plaintiff Miguel Ortega's normal shift was 10:30 a.m. until midnight, a shift of thirteen and a half (13 ½) hours, and he worked six (6) shifts per week. He worked a total of eighty-one (81) hours each week. He was not paid proper wages. In 2011, Plaintiff was paid a flat weekly salary of four hundred dollars ($400.00) per week. In 2012, Plaintiff was paid a flat weekly salary of four hundred twenty dollars ($420.00) per week. In 2013 through 2016, Plaintiff's compensation was exactly one hundred dollars ($100.00) per day. In 2017, Plaintiff was given a daily salary of one hundred ten dollars ($110.00). Plaintiff was not paid for all hours worked, and work performed above forty (40) hours per week was not paid at time and one-half the minimum wage, as required by state and federal law.

35.     At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage and overtime rate (of time and one-half) or the New York State minimum wage and overtime rate (of time and one-half) to Plaintiff for work performed over forty (40) hours in a workweek.

36.     Plaintiff Miguel Ortega was paid entirely in cash and not provided with a wage statement or any other documentation of his weekly hours, hourly rate, any deductions, and compensation.

37.     Defendants paid Plaintiff Miguel Ortega for less hours than he actually worked.

7

### c. Florentino Ortiz Amado

38.     In or about 2009, Plaintiff, Florentino Ortiz Amado, was hired by the Defendants to work as a dishwasher and food preparer at Defendants' restaurant known as "Pongsri Thai", located at 244 West 48th Street, New York, New York.

39.     Plaintiff Florentino Ortiz Amado continued to work for the Defendants in such capacity until on or about November 2016.

40.     During Florentino Ortiz Amado's employment by Defendants, he generally worked over forty (40) hours per week.

41.     Plaintiff Florentino Ortiz Amado's normal shift was 10:30 a.m. until 11:30 p.m., a shift of thirteen (13) hours, and he worked six (6) shifts per week. He worked a total of seventy-eight (78) hours each week. He was not paid proper wages. In 2011 and 2012, Plaintiff was paid a flat weekly salary of four hundred dollars ($400.00) per week. In 2013 through the end of his employment in 2016, Plaintiff's compensation was exactly one hundred dollars ($100.00) per day. Plaintiff was not paid for all hours worked, and work performed above forty (40) hours per week was not paid at time and one-half the minimum wage, as required by state and federal law.

42.     At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage and overtime rate (of time and one-half) or the New York State minimum wage and overtime rate (of time and one-half) to Plaintiff for work performed over forty (40) hours in a workweek.

43.     Plaintiff Florentino Ortiz Amado was paid entirely in cash and not provided with a wage statement or any other documentation of his weekly hours, hourly rate, any deductions, and compensation.

44.     Defendants paid Plaintiff Florentino Ortiz Amado for less hours than he actually worked.

### d. Angel Mendoza-Loreno

45.     In or about July 2010 Plaintiff, Angel Mendoza-Loreno was hired by the Defendants to work as a busperson at Defendants' restaurant known as "Pongsri Thai", located at 244 West 48th Street, New York, New York.

46.     Plaintiff Angel Mendoza-Loreno continued to work for the Defendants in such capacity until on or about November 27, 2015.

47.     During Angel Mendoza-Loreno's employment by Defendants, he generally worked over forty (40) hours per week.

48.     Plaintiff Angel Mendoza-Loreno normally worked approximately seventy-eight (78) or more hours each week. His normal schedule was 10:30 a.m. until 11:30 p.m., or later. He usually worked six (6) days per week.

49.     Plaintiff Angel Mendoza-Loreno was not paid proper minimum wages and overtime wages. In 2011, Plaintiff was paid a daily salary of thirty dollars ($30.00). In 2012 and 2013, Plaintiff was paid a daily salary of forty dollars ($40.00). In 2014 and 2015, Plaintiff was paid a daily salary of fifty dollars ($50.00). Plaintiff was not paid for all hours worked, and work performed above forty (40) hours per week was not paid at time and one-half the minimum wage, as required by state and federal law.

50.     At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage and overtime rate (of time and one-half) or the New York State minimum wage and overtime rate (of time and one-half) to Plaintiff Angel Mendoza-Loreno for work performed over forty (40) hours in a workweek.

51.    Plaintiff Angel Mendoza-Loreno was paid entirely in cash and not provided with a wage statement or any other documentation of his weekly hours, hourly rate, any deductions, and compensation.

52.    Defendants paid Plaintiff Angel Mendoza-Loreno for less hours than he actually worked.

53.    Defendants failed to properly provide notice to Plaintiff Angel Mendoza-Loreno, that they were taking a "tip credit".

54.    Defendants failed to provide a wage statement to Plaintiff Angel Mendoza – Loreno, informing him of the amount of any "tip credit" taken for any payment period.

### e. Maximilliano Ortega

55.    In or about 2008, Plaintiff, Maximilliano Ortega, was hired by the Defendants to work as a dishwasher and food preparer at Defendants' restaurant known as "Pongsri Thai", located at 244 West 48th Street, New York, New York.

56.    Plaintiff Maximilliano Ortega continued to work for the Defendants in such capacity until on or about May 2017.

57.    During Maximilliano Ortega's employment by Defendants, he generally worked over forty (40) hours per week.

58.    Plaintiff Maximilliano Ortega's normal shift was 10:30 a.m. until 11:30 p.m., or later, a shift of at least thirteen (13) hours, and he worked six (6) shifts per week. He worked a total of seventy-eight (78) hours each week. He was not paid proper wages. In 2011 through 2012, Plaintiff was paid a flat weekly salary of four hundred dollars ($400.00) per week. In 2013 through the end of his employment in 2017, Plaintiff's compensation was exactly one hundred dollars ($100.00) per day. Plaintiff was not paid for all hours worked, and work performed above

forty (40) hours per week was not paid at time and one-half the minimum wage, as required by state and federal law.

59.    At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage and overtime rate (of time and one-half) or the New York State minimum wage and overtime rate (of time and one-half) to Plaintiff for work performed over forty (40) hours in a workweek.

60.    Plaintiff Maximilliano Ortega was paid entirely in cash and not provided with a wage statement or any other documentation of his weekly hours, hourly rate, any deductions, and compensation.

61.    Defendants paid Plaintiff Maximilliano Ortega for less hours than he actually worked.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

62.    Plaintiffs re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

63.    At all relevant times, upon information and belief, the Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). At all relevant times, the Defendants employed Plaintiffs within the meaning of the FLSA.

64.    Upon information and belief, at all relevant times, the Defendants had gross revenues in excess of $500,000.

65.    Plaintiffs were entitled to be paid for all hours worked and at the rate of time and one-half the statutory minimum rate of pay (or their regular rate of pay, if higher than the statutory minimum), for hours worked in excess of forty(40) each week.

66.    At all relevant times, the Defendants had a policy and practice of refusing to pay wages for all hours worked, minimum wages for all hours worked, and overtime compensation at the statutory rate of time and one-half to Plaintiffs.

67.    Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

68.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs for their lawful wages, minimum wages, and overtime compensation, for hours worked when they knew or should have known such was due.

69.    Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

70.    Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs which may be in the possession and custody of the Defendants may be false as Plaintiffs were not given a weekly statement of their hours and wages.

71.    Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

72.     As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

73.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, minimum wages, and overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

74.     Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

75.     Plaintiffs were never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit".

76.     As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

**COUNT II**
**[Violation of the New York Labor Law]**

77.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "76" of this Complaint as if fully set forth herein.

78.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

79.     Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs wages for all hours worked; minimum wages; and overtime wages in the lawful amount for hours worked in excess of forty (40) hours per workweek.

80.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations § 142-2.4.

81.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants their unpaid wages; minimum wages; overtime wages; unpaid "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1), *et al.*, and § 198.    Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

82.    Plaintiffs re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "81" of this Complaint as if fully set forth herein.

83.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

84.    The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

85.    Defendants did not provide Plaintiffs, with a written statement properly accounting for their actual hours worked, and setting forth his hourly rate of pay, regular wage, and/or overtime wages.

86.    Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

87.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

88.    Plaintiffs were not provided with true and accurate wage statements as required by law.

89.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Quirino Ortega Gonzalez, Miguel Ortega, Florentino Ortiz Amado, Angel Mendoza-Loreno, and Maximilliano Ortega, respectfully request that this Court grant the following relief:

(a)    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b)    An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(c)    An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(d)    An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(e)    An award of liquidated damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f)    An award of liquidated damages as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

15

(g)    An award of prejudgment and post-judgment interest;

(h)    An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i)    Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       August 13, 2017

                                    Respectfully submitted,

                                    CILENTI & COOPER, PLLC
                                    **Attorneys for Plaintiffs**
                                    708 Third Avenue – 6th Floor
                                    New York, NY 10017
                                    T. (212) 209-3933
                                    F. (212) 209-7102
                                    pcooper@jcpclaw.com

                         By:        _____
                                    Peter H. Cooper (PHC 4714)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _____Quirino Ortega_____, am an employee currently or formerly employed by _____Pongsri Thai_____, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____7/21/_____, 2017

_____

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Miguel Ortega ____, am an employee currently or formerly employed by Pongsri Thai ____, and/or related entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
8/9/ ____, 2017

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Angel Mendoza_____, am an employee currently or formerly employed by _Pongsri Thai_____, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
Aug. 9_____, 2017